### DETROIT FREE PRESS v. MILLER.

1. LANDLORD AND TENANT — HOLDING OVER — DOUBLE DAMAGES — STATUTORY REMEDY NOT BARRED BY LEASE.

> In an action by a lessor, after it had been awarded possession of the premises in summary proceedings, to recover double damages provided in 3 Comp. Laws 1915, § 13251, in case of a tenant unlawfully holding over, the claim of the lessee that the lease fixed the measure of plaintiff's damages and that, therefore, recovery could not be had under the statute, cannot be sustained, in view of a clause in the lease providing that all rights and remedies of the lessor should be cumulative and not exclusive of any other rights and remedies allowed by law.

2. APPEAL AND ERROR — APPELLANT MAY NOT COMPLAIN OF ERROR IN HIS FAVOR.

> A lessee reviewing the judgment against him in the court below may not complain of an error of the court in computing the amount of double damages under 3 Comp. Laws 1915, § 13251, where the error inured to his benefit.

Error to Wayne; North (Walter H.), J., presiding. Submitted April 25, 1923. (Docket No. 77.) Decided June 4, 1923.

Case by the Detroit Free Press against Frank P. Miller for the wrongful retention of leased premises. Judgment for plaintiff on a directed verdict. Defendant brings error.    Affirmed.

*Albert McClatchey* and *Firmon Lush,* for appellant.

*Robert M. Brownson (Stephen V. Riffel,* of counsel), for appellee.

SHARPE, J.    A judgment of restitution of certain premises occupied by defendant, awarded plaintiff, was affirmed by this court in 217 Mich. 118.    After plaintiff had been put in possession, it began this suit to recover the damages provided for in section 13251, 3 Comp. Laws 1915.    This section reads:

"The plaintiff obtaining restitution of any premises under the provisions of this chapter, shall be entitled to an action of trespass on the case against the defendant, and may recover double damages from the time of the forcible entry, or forcible detainer, or of the notice to quit, or demand of possession, as the case may be."

The lease under which defendant had occupied provided for a monthly rental of $161.    It contained the following provision:

"Seventh, that lessee will pay, as liquidated damages, double rent for all the time lessee shall retain possession of said premises, or any part thereof, after the termination of the term hereby demised, whether by lapse of time or by election of lessor, and will pay all expenses of lessor incurred in enforcing any of the provisions hereof.    No receipt of money by lessor from lessee after termination of said term in any way shall reinstate, continue or extend the term above demised, nor affect any notice given by lessor to lessee prior to such receipt of money.    All rights and remedies of lessor herein shall be cumulative, and

none shall be exclusive of any other rights and remedies allowed by law."

Plaintiff was permitted to prove that it could have rented the premises during the year for which defendant unlawfully held possession for $3,952.56. The interest on this sum to the date of the judgment was computed at $283.98; its expenses in obtaining possession amounted to $1,071.93. The trial court directed the jury to find for the plaintiff in the sum of these items, $5,308.47. He then added thereto the amount found as rental which the plaintiff might have obtained and entered a judgment in its favor for $9,261.03. This judgment the defendant reviews by writ of error.

It is his claim that the contract itself fixed the measure of plaintiff's damages and that recovery could not be had under the statute. This claim would seem to be well founded were it not for the language in the last sentence of the provision quoted from the lease. In this it was agreed that the rights and remedies of the lessor therein provided for shall not "be exclusive of any other rights and remedies allowed by law." Clearly, the plaintiff had the option to proceed to collect the sums to which it would have been entitled under the lease or the damages provided for in the statute. There was no error in permitting a recovery under the statute.

It is insisted that the court was in error in simply doubling the amount of damages occasioned by loss of rent which might have been secured. Defendant's counsel say:

"The verdict of the jury is for the amount of the plaintiff's damages, and the damages must be entered either for the amount of the jury's verdict or for exactly double that amount."

The action of the court in doubling the item of

$3,952.56 instead of the entire amount of the verdict inured to defendant's benefit and of it he may not complain.    Error to be reversible must be prejudicial.

The judgment is affirmed, with costs to appellee.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, MOORE, and STEERE, JJ., concurred.