228 P.2d 941

**DONALDSON v. JOSEPHSON et ux.**

No. 7564.

Supreme Court of Idaho.

March 13, 1951.

Wm. F. Galloway, Boise, for appellant.

Gigray & Boyd, Caldwell, for respondent.

PORTER, Justice.

Under date of December 13, 1941, appellant leased to respondents by written lease, 80 acres of land in Canyon County. The lease was for the term beginning December 13, 1941 and ending October 31, 1942. Respondents went into possession of the premises and held possession thereof until March 13, 1943. The lease provided for the payment of crop rental; and the harvesting of the crops was not completed until in January, 1943. No final settlement was made between the parties on their several claims against each other arising out of the terms of the lease.

On November 22, 1946, appellant brought this action, praying for an accounting between the parties and particularly for the division of certain beet checks made payable to both parties, some of which were held by appellant and some of which were held by respondents. Appellant listed his several claims against respondents in an exhibit attached to the complaint. By their answer, respondents denied generally the claims of appellant; set up certain claims of their own by way of counterclaim; and prayed for an accounting and division of the beet checks. Upon the issues thus formed, a trial was had to the court, sitting without a jury. Thereafter, the court entered judgment in favor of appellant on the general account in the sum of $450.29 and for one-half the beet checks in the sum of $817.50; and provided that respondents should receive one-half the beet checks less the $450.29 and costs of suit. From such judgment, appellant has duly appealed to this court.

On this appeal, appellant has limited his claims of error to the actions of the trial court in refusing to allow or only allowing in part, three specific items for which appellant claimed credit. The remainder of the judgment is not challenged.

Appellant first contends that the trial court erred in refusing to allow appellant credit in full for $5 per day for the 133 days respondents held over after the expiration of the lease. The lease provides that the tenant will yield up possession of the property without further demand or notice at the expiration of the lease and that "the second party agrees, failing thus to deliver up said premises, to pay to the first party Five Dollars ($5.00) per day for all the time he may continue in possession of said premises after the expiration of this lease." On this item the court allowed in its findings of fact, $2.50 per day for 107 days in the sum of $267.50. On November 16, 1942, appellant wrote to respondents demanding possession of the premises by November 25, 1942, with the right reserved to respondents to return to harvest the crops. It is apparently from

this latter date that the court computed the number of days.

Appellant urges that the provision in the lease for the payment of $5 per day for holding over, was an agreement to pay liquidated damages and that such item should have been allowed in full. Respondents contend that the provisions of the lease are ambiguous, that the $5.00 per day provision should be construed as a penalty and that the court was justified in refusing to enforce same. In 15 Am.Jur. 672, par. 241, it is said: "It has been said that the distinction between a penalty and liquidated damages is that the one is a surety for, and the other is to be paid in the event of nonperformance of, the act to be done. The parties are bound by a stipulation for liquidated damages. The amount is fixed and is not subject to change. But if the stipulation is regarded as a penalty, the defaulting party may be relieved of it. The courts will inquire into it to see whether it is unconscionable or excessive."

In construing provisions of this character, the general rule is that the intention of the parties as to whether the agreement is for a penalty or for liquidated damages must prevail. Weiser River Fruit Ass'n v. Feltham, 31 Idaho 633, 175 P. 583; 15 Am.Jur. 674, par. 243. The intention of the parties is to be determined by the court by a construction of the contract as of the time of its making. The language in the lease in question is not ambiguous although the lease does not in terms designate the $5 per day as either liquidated damages or as a penalty. While the reasonable value of the occupation of the farm lands and buildings during the winter months is problematical, the $5 per day provision for holding over does not appear inherently excessive or out of all proportion to such reasonable value. There is no proof in the record whatever as to the reasonable value of the use of the premises during the time in question except the value placed thereon by the parties themselves at the time of entering into the lease. We conclude that the provision for the payment of $5.00 per day for holding over after the expiration of the lease was a provision for liquidated damages and enforceable as such. Poppers v. Meager, 148 Ill. 192, 35 N.E. 805; Detroit Free Press v. Miller, 223 Mich. 333, 193 N.W. 779; Lewis v. Welch Wholesale Flour & Feed Co., 96 W.Va. 694, 123 S.E. 801, 39 A.L.R. 386.

In this case the evidence does not show and the court did not find that respondents were induced by appellant to hold over after the expiration of the lease as was the situation in the cited case of Kenwood Hotel Co. v. Hiland, 153 Ill.App. 108, Note, 71 A.L.R. 1448, wherein the court refused to allow a claim for liquidated damages beyond the reasonable rental value of the premises. There is no evidence appearing in the record upon which the trial court could base his allowance of $2.50 per day as the reasonable value for the occupation of the premises. It was

error for the trial court to refuse to allow as liquidated damages the full sum of $5 per day.

By his complaint, appellant prayed for interest from January 31, 1943, on the balance he claimed to be due him. The court did not allow interest prior to judgment and appellant contends that this was error. Section 27–1904, I.C., provides as follows:

"When there is no express contract in writing fixing a different rate of interest, interest is allowed at the rate of six cents on the hundred by the year on:

"1. Money due by express contract.

"2. Money after the same becomes due.

"3. Money lent.

"4. Money due on the judgment of any competent court or tribunal.

"5. Money received to the use of another and retained beyond a reasonable time without the owner's consent, express or implied.

"6. Money due on the settlement of mutual accounts from the date the balance is ascertained.

"7. Money due upon open accounts after three months from the date of the last item."

While the appellant now argues that he was entitled to the allowance of interest from January 31, 1943, by virtue of paragraph 2 of Section 27–1904, I.C., it seems apparent that his complaint was drawn on the theory that he was entitled to interest under the provisions of paragraph 7 of said section. Appellant cites Hendrix v. Gold Ridge Mines, Inc., 56 Idaho 326, 54 P.2d 254, in support of his position. An examination of such case discloses that the sums involved were claims for wages and that there were certain credits and offsets against the same. The court held that they were open accounts and would draw interest as provided in paragraph 7 of Section 27–1904, I.C.

In the instant case, we are not dealing with an open account as contemplated by paragraph 7 of Section 27–1904, I.C. We are concerned with a mutual account made up of items of set-off on both sides arising under the terms of or connected with the written lease. 1 Am.Jur. 266, par. 4. The payment of interest thereon is governed by paragraph 6 of said Section 27–1904, I.C., which only provides for the payment of interest on the balance due on a mutual account from the date such balance is ascertained. It may be further noted that a number of items claimed in appellant's account and allowed by the court are for unliquidated damages for violation of or failure to comply with the terms of the lease, the amounts of which are not susceptible of ascertainment by computation or by reference to market values. See Storey & Fawcett v. Nampa & Merridian Irr. Dist., 32 Idaho 713, 187 P. 946. The trial court did not err in failing to allow interest

prior to judgment on the balance found due to appellant.

Finally, appellant contends that the court erred in failing to allow appellant a reasonable attorney's fee for the prosecution of this action. The written lease contains the following provisions: "The second party also agrees to pay and discharge all costs and attorney's fees, or any expenses that shall arise from enforcing any of the covenants of this lease by the first party."

By his complaint, appellant alleged that he had agreed to pay his attorney; that the sum of $500 was a reasonable attorney's fee in this matter; and prayed for judgment for $500 for attorney's fees. Appellant testified that he had agreed to pay a reasonable attorney's fee. It was stipulated between counsel "that in the event the court finds in this case, an attorney fee should be allowed under the contract, the court shall fix the amount thereof." It is evident that this stipulation did not leave it discretionary with the court as to whether or not he should allow an attorney's fee, as contended by respondents. The stipulation merely relieved appellant of the necessity of putting on proof of the reasonable value of the services of an attorney and left it with the court to fix such amount without proof in the event appellant was found entitled to attorney's fees. This action is clearly one to enforce the covenants of the lease. The court erred in refusing to allow appellant a reasonable attorney's fee.

The parties by stipulation, having waived proof as to the reasonable value of the attorney's services, this court is in an equal position with the trial court to determine the reasonable value thereof. We fix the sum of $250 as reasonable attorney's fees to be allowed appellant.

The judgment is in all respects affirmed except as to the claim for $5 per day for holding over and the claim for attorney's fee, and in those respects the trial court is directed to modify the judgment to conform to the views expressed herein. No costs allowed.

GIVENS, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.