JEFFERSON et al. v. DAMRON et al.

No. 34652. Nov. 12, 1952.

*250 P. 2d 225.*

Goins & Smith, Ardmore, and O. C. Barnes, Madill, for plaintiffs in error.

Welch & Welch and Little & Hamill, Madill, for defendants in error.

PER CURIAM. Leona Jefferson and Tom Lewis, Jr., a minor, by his guardian, Effie Tubbee, filed their second amended petition in the district court of Marshall county against the defendants in error in which they alleged that they were unenrolled full-blood Mississippi Choctaw Indians; that they were the widow and son, respectively, of Tom Lewis, an unenrolled full-blood Mississippi Choctaw Indian, and in which they sought to cancel a deed executed by Tom Lewis and the plaintiff Leona Lewis, his wife, now Leona Jefferson, conveying certain lands in Marshall county on the ground that the lands were purchased during the minority of Tom Lewis by his guardian with restricted funds and that the deed was void since it did not have the approval of the Secretary of the Interior or of the county court.

Summarized, the pertinent allegations of the second amended petition are that Tom Lewis reached his majority on November 17, 1939, and died in the early part of 1940; that during his minority his estate was under the supervision and control of the county court of Marshall county; that the court directed his guardian to invest funds of the minor's estate in lands in Marshall county; that pursuant to the order of the county court the guardian purchased certain lands with funds received from the following sources, namely:

"For an oil and gas lease on land, allotted to Bud Lewis, the father of Tom Lewis, a full-blood Miss-Choctaw Indian, duly enrolled                 $100.00

"For sale of mineral interest in land allotted to his father, Bud Lewis, a full-blood Miss-Choctaw Indian     $600.00

"For agricultural lease for the years 1929 and 1929, on land allotted to Bud Lewis, his father, a full blood Miss-Choctaw Indian     ·     $250.00

"From Indian Department, on request and approval of Robert Crockett, Probate Attorney                 $600.00

"From War Insurance Policy carried on Bud Lewis, during World War No.

1, in the approximate sum of $2000.00" that the funds were restricted under the orders of the county court and under the Acts of Congress, but that no personal order of restrictions was ever made by the county court; that about ten days after Tom Lewis reached his majority he and his wife, Leona Lewis, now Jefferson, who was then a minor of 17 years of age, conveyed said lands to C. V. Damron, one of the defendants in error, by deed dated December 4, 1939; that said deed, lacking the approval of the county court of Marshall county, or the Secretary of the Interior, was void because said lands were restricted under the Acts of Congress of 1908, 1928, 1931, 1933, and 1936, and that said deed was void for the further reason that Leona Lewis, now Jefferson, the wife of Tom Lewis, was a minor at the date of the execution of the deed.

The defendants in error demurred to the second amended petition of the plaintiffs in error. The demurrer was sustained by the trial court. The plaintiffs in error elected to stand upon the second amended petition. The trial court thereupon entered judgment dismissing the second amended petition and giving judgment for the defendants in error.

This appeal presents the question of whether any portion of the funds used by the guardian to purchase the lands for Tom Lewis was restricted under the Act of Congress, approved January 27, 1933, 47 Stat. L. 777. The applicable provisions of section 1 of this Act are:

"That all funds and other securities now held by or which may hereafter come under the supervision of the Secretary of the Interior, belonging to and only so long as belonging to Indians of the Five Civilized Tribes in Oklahoma of one-half or more Indian blood, enrolled or unenrolled, are hereby declared to be restricted and shall remain subject to the jurisdiction of said Secretary until April 26, 1956, subject to expenditure in the meantime for the use and benefit of the individual Indians to whom such funds and secur-

ities belong, under such rules and regulations as said Secretary may prescribe * * * ."

No part of the funds used to purchase the lands was held by or was under the supervision of the Secretary of the Interior. The funds were held by the guardian of Tom Lewis under the supervision of the county court of Marshall county. Funds released by the Secretary of the Interior to the guardian of an unenrolled full-blood Mississippi Choctaw Indian minor and funds in the hands of the guardian derived from the sale of an oil and gas lease on, the execution of an agricultural lease upon, and the sale of minerals in and under the allotment of the deceased father of the minor are unrestricted funds within the meaning of the Act of 1933, 47 Stat. L. 777, supra. Chisholm v: House (10 Cir.) 160 F. 2d 632; Townsend v. First Nat. Bank & Trust Co. (10 Cir.) 157 F. 2d 852. See, also, Act of Congress approved July 2, 1945, 59 Stat. L. 313.

The lands, having been purchased by the guardian with unrestricted funds, were unrestricted. On attaining his majority, the minor was free to convey these lands. The deed from Tom Lewis and his wife, Leona Lewis, now Jefferson, dated December 4, 1939, conveying these lands to C. V. Damron was valid. See Posey v. First Trust & Savings Bank, 158 Okla. 269, 12 P. 2d 913.

In their original petition the plaintiffs in error alleged as another ground for cancellation that Tom Lewis was intoxicated at the date of the execution of the deed and that he was a half-wit and mentally incompetent to execute a deed. Plaintiffs in error later filed a first amended petition and a second amended petition in which no allegation was made as to the mental capacity of Tom Lewis or the fact that he was intoxicated. The second amended petition was complete in all respects. It was filed as a substitute for all previous petitions. It did not expressly adopt as a part thereof any of the allegations of the previous pleadings. After the demurrer to the second amended petition was sustained the plaintiffs in error refused to plead further and elected to stand upon the second amended petition. By so doing they wholly abandoned their contention that the deed from Tom Lewis and his wife to C. V. Damron was void either because Tom Lewis was intoxicated or because he was mentally incompetent to execute the deed. Norris v. Norris, 196 Okla. 46, 162 P. 2d 521.

Affirmed.

This court acknowledges the services of Attorneys J. C. Pinkerton, Ben Murdock, and Lamoin Oldham, who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V.C.J., and WELCH, CORN, GIBSON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.