341 P.2d 894

Dorothy WILSON, Plaintiff-Respondent,

v.

Paul C. WILSON, Defendant-Appellant.

No. 8625.

Supreme Court of Idaho.

July 10, 1959.

**376**

J. Ward Arney, Pat W. Arney, Coeur d'Alene, for respondent.

Harold S. Purdy, Coeur d'Alene, for appellant.

McQUADE, Justice.

This appeal is taken from a decree awarding a divorce to the plaintiff upon

the statutory grounds alleged in the third amended complaint, of having been separated from the defendant for more than five years without cohabitation.

The principal issue is whether a separate cause of action alleged for the first time in an amended complaint relates in time to the commencement of the action, or to the time when the amended pleading was filed.

The parties separated June 20, 1952. Plaintiff commenced an action for divorce in the State of Washington on the grounds of physical and mental cruelty. On June 4, 1953, the Superior Court in Spokane County, State of Washington, after hearing the evidence, dismissed the complaint for the reason that the plaintiff had failed to prove the necessary allegations of the alleged grounds.

September 21, 1953, the plaintiff filed a complaint in Kootenai County, State of Idaho, requesting a decree of divorce on the grounds of mental cruelty. To that complaint a general demurrer was filed on October 10, 1953. On December 2, 1953, a motion for temporary allowance of attorney fees and costs was filed, and thereafter an order awarding $150 temporary attorney fees and $20 costs was made by the court. On January 5, 1954, the defendant answered the complaint, to which a demurrer and motion to strike was filed October 18, 1954. April 5, 1956, a supple-ment to the complaint was filed, requesting additional attorney fees.

On June 24, 1957, a second amended complaint was filed by the plaintiff, alleging as grounds for divorce that the parties had lived separate and apart for more than five years without cohabitation. The cause of action alleging mental cruelty was deleted from the second amended complaint.

To the second amended complaint, the defendant filed a demurrer and motion to strike on July 18, 1957. On this latter date, another order allowing temporary attorney fees in the sum of $350 was entered by the court.

On July 23, 1957, the defendant filed his answer to the second amended complaint. On August 1, 1957; pursuant to an order of the trial court, the plaintiff amended the amended complaint. This latter amendment alleged a separate cause of action for divorce on the grounds of cruelty. On August 7, 1957, an order of the court awarded an additional $150 temporary attorney fees.

On August 19, 1957, for the purpose of clarity the trial court ordered the plaintiff to file a third amended complaint embodying all allegations of the second amended complaint and the supplement thereto. The third amended complaint was filed August 19, 1957, to which the defendant filed his answer on September 23, 1957.

Trial was had September 23, 1957, before the trial judge without a jury. Thereafter the trial court found that the plaintiff and the defendant had lived separate and apart for five years without cohabitation, and concluded as a matter of law that the plaintiff was entitled to an absolute divorce from the defendant. The court entered a decree awarding the plaintiff a divorce on October 14, 1957, and allowed $100 additional attorney fees.

For a first specification of error, appellant urges that at the time plaintiff's original complaint was filed the only cause of action alleged therein, and the same being alleged in the third amended complaint, came under the full faith and credit law of the United States, 28 U.S.C.A. § 1738, p. 505.

The respondent, in filing the second amended complaint, abandoned the cause of action of the original complaint. Filing of the second amended complaint, which is complete in itself and does not reserve any part of the original or first amended complaint, constitutes an abandonment of the two former complaints, and the action rests on the second amended complaint. Herr v. Herr, 35 Wash.2d 164, 211 P.2d 710.

Appellant urges:

"An amendment does not in general make a new cause of action where the real parties and interests and the essential elements of the controversy remain the same, or where the identity of the transaction forming the cause of action originally declared on is adhered to, and the facts alleged show substantially the same wrong with respect to the same transaction even though the form of the liability asserted or the alleged incidents of the transaction may be different."

We cannot agree with the position taken by appellant in this regard. Our statutes enumerate several grounds upon which a decree of divorce may be founded. Mental or physical cruelty is one, and separation for over five years without cohabitation is a further and separate ground. In the latter case, the decree is granted as a matter of public policy and without regard to fault. These two are separate causes of action, and as in the case at bar a divorce may be awarded upon either or both of such grounds.

Appellant urges there was insufficient evidence to support the decree of divorce on the third amended complaint on the theory that the allegation of separation of the parties related back in time to the date the complaint was filed. The original cause was abandoned upon the filing of the second amended complaint. The rule under these circumstances is that if an amended complaint states an entirely new cause of

action, it becomes in effect the beginning of a new action, and an amendment which makes a petition state a cause of action for the first time does not relate back, but must be considered as dating only from the time when the amendment is filed. 71 C.J.S. Pleading § 320, p. 714. See also Denton v. Detweiler, 48 Idaho 369, 282 P. 82; Ennis v. Ring, 49 Wash.2d 284, 300 P. 2d 773.

Appellant, in his argument, assigns as error the awarding of attorney fees on a cause of action which appellant asserts had become res judicata in the State of Washington. We hold that the trial court had jurisdiction and this was a matter resting within the discretion of the trial court. This action was conscientiously and diligently well defended upon the merits, resulting in an equal amount of effort being required of the plaintiff. The plaintiff was entitled to reasonable attorney fees for the prosecution of the action. I.C. § 32–704; Daniels v. Daniels, 81 Idaho 12, 336 P.2d 112.

The judgment is affirmed.

Costs to respondent.

PORTER, C. J., TAYLOR and SMITH, JJ., and McFARLAND, D. J., concur.

KNUDSON, J., not participating.