429 P.2d 841

**Joe JENKINS, Plaintiff-Respondent,**

v.

**J. L. DONALDSON, Defendant-Third-Party Plaintiff-Appellant,**

v.

**Clarence JENKINS and Peggy Jenkins, Third-Party Defendants-Respondents.**
**No. 9207.**

Supreme Court of Idaho.
July 27, 1967.

J. L. Donaldson, Nampa, for appellant.

No appearance, for respondents.

SMITH, Justice.

Appellant has appealed from a judgment of the district court, claiming error in the court's determination of set-offs against the proceeds of certain bank checks in which appellant was named co-payee with respondent, Clarence Jenkins; also claiming error in the court's determination of the resultant amount adjudged to be appellant's equitable interest in the proceeds of the checks; also in failing to enter judgment against respondents in favor of appellant in addition to the amount of the funds held in trust as the proceeds of the checks.

On December 17, 1953, third party defendants-respondents, herein sometimes referred to as respondents or Jenkins, leased under a "50-50 share crop lease," farm land owned by appellant Donaldson, for the term commencing March 1, 1954, and ending November 15, 1954.

Respondents farmed the land in 1954 and made certain improvements inside of the dwelling house situate on the land. At the end of the year, respondents and appellant reached a settlement as to all matters relating to the lease except the improvement work on the dwelling. Respondents continued farming the land through 1955 and again the parties entered into a settlement except as to the dwelling house improvements; respondents brought the matter of such improvements to appellant's attention, but did not press their claim at the time because they understood that appellant "was not too well off" financially.

Respondents again farmed the land for the crop season of 1956. On February 1, 1956, they borrowed $1,700.00 from appellant, evidenced by their promissory note, agreeing to repay the loan by December 15, 1956, with interest. On July 12, 1956, appellant advanced $282.00 to Clarence Jenkins.

Both of the parties to the farm lease agreed that the lease should expire at the end of the 1956 farming season.

On December 7, 1956, appellant and respondents discussed final settlement of the operations of the farm; as the result thereof, appellant prepared an accounting, which showed a balance of $790.54 in respondents' favor, for which amount appellant drew and delivered his check payable to respondent, Clarence Jenkins. The settlement was based on the assumption that appellant was to receive four checks made payable to appellant and Clarence Jenkins, as co-payees, the checks to be endorsed by Jenkins and turned over to appellant, as follows: $2,763.92, the first beet check; $1,510.16, the second beet check; $1,642.24, the third beet check, and $1,000.00, a fourth check for hay. Clarence Jenkins endorsed the last three checks and delivered them to appellant. However, both parties had there-

tofore, on November 15, 1956, endorsed the first check and Clarence Jenkins had cashed it and retained the proceeds. Upon discovery of the error, appellant notified respondents that adjustments must be made.

Clarence Jenkins, upon examining appellant's acounting, ascertained that certain of his, Jenkins', claims had not been included in the computations, and concerning which the parties had not agreed.

On or about December 10, 1956, respondents left the premises. Subsequently, three additional checks were received, totaling $2,080.02, arising out of the operation of the leased farm, made payable to Clarence Jenkins and appellant as co-payees. Clarence Jenkins endorsed them and assigned his interest therein to his father, Joe Jenkins, plaintiff-respondent, as payment for alleged debts. Appellant refused to endorse the checks until such time as a settlement was reached between himself and Clarence Jenkins. Respondent Joe Jenkins then brought this action seeking "to quiet title in said checks."

In his answer and cross-claim, appellant sought recovery of $3,197.68 allegedly owed to him by Clarence Jenkins, together with attorneys' fees.

At the conclusion of a trial without a jury the court found that respondent, Joe Jenkins, had no interest in the funds and was not entitled to any relief sought by his complaint.

The trial court then found that appellant Donaldson had received the following sums of money: $1,510.16, $1,642.24 and $1,000.00 as the proceeds of the second and third beet checks and of the hay check, totaling $4,152.40; that he had incurred allowable (reimbursable) expenses of $3,428.68, and had received $723.72 ($4,152.40 minus $3,428.68) more than his allowable expenses.

The court further found that respondent, Clarence Jenkins, had received the following sums of money: $2,763.92 as the proceeds of the first beet check, $790.54 as proceeds of appellant's check dated December 7, 1956, and $108.00 as proceeds of appellant's additional check, totaling $3,661.46; that Jenkins had incurred allowable (reimbursable) expenses of $1,197.41 and had received $2,564.05 over his allowable expenses ($3,661.46 minus $1,197.41 which reveals an error of $100.00 against Jenkins' interest; correction of the error is reflected in the corrected accounting hereinafter set forth). The court then determined that Donaldson should receive $1,840.33 (correct figure $1,740.33) out of the sum of $2,080.02 (the three checks) in order that the amount over his reimbursable expenses would equal that of Jenkins ($723.72 plus $1,840.33 [$1,740.33] equals $2,564.05 [$2,464.05]).

The court then determined that the remaining $239.69 ($2,080.02 minus $1,840.33) should be divided equally between Clarence Jenkins and Donaldson; that Jenkins was entitled to one-half of the $108.00 paid to him by Donaldson; that consequently Jenkins should receive, in addition to his one-half of the $239.69, one-half of the $108.00, or $54.00, to be subtracted out of the $239.69, or a total of $173.85 ($119.85 plus $54.00); and that Donaldson should receive the remainder of $1,906.17. Judgment was entered accordingly from which appellant has appealed.

Appellant assigns as error the trial court's failure to allow 24 days' rent at $10.00 a day as provided by the lease for third party respondents' possession of the premises after November 15, 1956, the expiration date of the lease. The evidence shows that on or about October 1, 1956, Clarence Jenkins purchased appellant's half of the pasture with the understanding that he, Jenkins, could remain upon the premises until the "pasture was used up." That oral contract was sufficient to lengthen the term of the lease from November 15th until or about December 10, 1956, when the feed was consumed and respondents quit the premises; hence, the trial court properly disallowed the $10.00 per day rent allegedly owing after November 15th.

■ Appellant next assigns as error the trial court's determination that appellant was not entitled to interest on a loan or "advance" of $282.00 to respondents, from July 12, 1956, the date of the transaction, to the date of judgment. The evidence discloses similar prior loan transactions between the parties without exaction of interest. At the time of the $282.00 loan, there was no mention of interest and the transaction was to be settled in the accounting at the end of the 1956 farming season. Appellant included such amount as an "advance," plus interest, in his claims in the accounting of December 7, 1956. The loan was one of several items which appellant set off against Clarence Jenkins, who in return had set-offs against appellant. The trial court did not err in disallowing the claimed interest item.

■ On rehearing appellant asserts that the trial court should have allowed interest to date of judgment on the $1,700.00 loan evidenced by respondents' promissory note, dated February 1, 1956, instead of allowing interest only to December 1, 1956, and as so included in the attempted accounting of December 7, 1956. That accounting is shown as made up of items of set-off by both appellant and respondents (including the loan of $1,700.00 and interest thereon as of December 1, 1956), arising out of the lease and the operation of the leased premises. I.C. § 27–1904 requires payment of interest on the balance due on a mutual account only "from the date the balance is ascertained." The trial court did not err in not allowing the claimed interest.

In Donaldson v. Josephson, 71 Idaho 207, 228 P.2d 941 (1951), this court ruled as follows:

"In the instant case, we are not dealing with an open account as contemplated by paragraph 7 of Section 27–1904, I.C. We are concerned with a mutual account made up of items of set-off on both sides arising under the terms of or connected with the written lease. 1 Am.Jur. 266, par. 4. The payment of interest thereon is governed by paragraph 6 of said Section 27–1904, I.C., which only provides for the payment of interest on the balance due on a mutual account from the date such balance is ascertained. * * * The trial court did not err in failing to allow interest prior to judgment on the balance found due to appellant." 71 Idaho at 211, 228 P.2d at 944.

Appellant assigns as error the trial court's failure to allow attorney's fees for the collection of the $1,700.00 promissory note, as provided in the note, and attorney's fees for the enforcement of the covenants of the lease as therein provided. "Reasonable attorney's fees" were requested in the original answer and cross-claim, but in the amended answer and cross-claim, neither was requested.

■ Where an amended complaint and answer thereto are filed, the original complaint and answer cease to perform any functions as pleadings and are not part of the record. The prior complaint becomes functus officio. Wilson v. Wilson, 81 Idaho 375, 341 P.2d 894 (1959); Shirts v. Shultz, 76 Idaho 463, 285 P.2d 479 (1955); People ex rel. Huston v. Hunt, 1 Idaho 433 (1872). By filing an amended pleading, a party usually abandons the prior pleadings and all matters not restated in the amended pleading. Simmons v. Friday, 359 Mo. 812, 224 S.W.2d 90 (1949); Cooley v. Frank, 68 Wyo. 436, 235 P.2d 446 (1951); Jefferson v. Damron, 207 Okl. 406, 250 P.2d 225 (1952); 71 C.J.S. Pleading § 321. By appellant's failure, in his amended pleading, to request attorney's fees, he thereby abandoned his claim to the same. See also the ruling of Donaldson v. Josephson, supra. The trial court did not err in not allowing attorney's fees.

Appellant next assigns as error the trial court's allowance of the following claims of Clarence Jenkins: 1. $150.00 for the use of a tractor and land leveler—50 hours at $3.00 per hour; 2. $20.00 for the building of checks and spillways; 3. $10.00 for the use of a pickup truck to haul sand and gravel for the building of the checks and spillways; and 4. $10.00 for repair of cistern.

Concerning item 1, the use of the tractor and land leveler, Clauses L and O of the lease appear to be controlling. Clause L states:

"Second party shall level or prepare lands, and sow alfalfa, clover or other grass seed at or under the direction of first party."

and Clause O states:

"It is understood, and agreed, that second party shall not receive pay for unauthorized purchase of materials, grain, seed, or for labor, team or tractor work."

A lease, like any other contract, is to be construed to give effect to the intention of the parties. West v. Brenner, 88 Idaho 44, 396 P.2d 115 (1964); Miller v. Belknap, 75 Idaho 46, 266 P.2d 662 (1954).

Under the two clauses lessee Clarence Jenkins was entitled to reimbursement for authorized purchases of materials, tractor work and labor. Although the evidence is in dispute concerning the number of hours involved, it is clear that the work was authorized; therefore, the trial court properly allowed the amount in question as reimbursable expense of lessee Jenkins.

Concerning items 2 and 3, relating to the building of checks and spillways, there is sufficient evidence to show that appellant authorized Jenkins to use the truck for hauling the sand and gravel to build the structures; therefore, the trial court properly included those items in the reimbursable expenses of lessee Jenkins.

Item 4 falls under Clause 4 of the lease; that clause directs that Jenkins "shall keep said premises * * * in proper repair." The trial court incorrectly allowed that item to lessee Jenkins as a reimbursable expense. The correction is reflected in the corrected accounting hereinafter set forth.

Appellant asserts that the trial court erred in denying certain expenses which he claimed were reimbursable under the lease. His first claim is an incorrect computation of 1,370 lbs. of wheat at $3.25 per hundred weight. The court found $43.15 for this item. The correct amount of $44.53 is reflected in the corrected accounting hereinafter set forth.

Appellant asserts that an item of $5.00 for 5 lbs. of intermediate wheat grass was improperly disallowed from his accounting. Clause B of the lease provides that "the second party [Jenkins] agrees to furnish; ½ of the small seed * * *." The evidence establishes (quoting therefrom) that "it is customary in farming that the landlord furnish all grass seeds for permanent hay or pasture." We do not interpret Clause B as including the kind of seed involved; therefore, the court properly disallowed that item.

Appellant asserts also that the court improperly disallowed from his accounting his claim of $6.20 for one-half the expense of spraying cheat grass. Clause F of the lease provides that the "second party [Jenkins] agrees to cultivate alfalfa sufficiently to remove cheat grass * * *." The record does not establish any understanding to the contrary; therefore, the court improperly disallowed such item. Correction is reflected in the accounting hereinafter set forth.

Appellant asserts error committed in the treatment of the principal sum of the loan of $1,700.00 which appellant made to Clarence Jenkins as of February 1, 1956; (such would also include the items of $.75 to record the mortgage, and $57.43 interest accrued thereon as of December 1, 1956, the date of the attempted mutual accounting between the parties, the amount totaling $1,758.18); also in the treatment of the two items which appellant paid to Jenkins, viz., $108.00 by check dated June 12, 1956, and $790.54 by check dated December 12, 1956.

The $1,700.00 item, having been a loan by Donaldson to Jenkins and in nowise an item of farm expense, should be repaid in toto by Jenkins to Donaldson together with the items of $.75 filing fee and $57.43 interest accrued as of December 1, 1956.

Donaldson advanced the sum of $108.00 to Jenkins for beet hoeing which item does not appear reflected in Jenkins' accounting of receipts. Donaldson paid the sum of $790.54 to Jenkins, purportedly in settlement of the accounts for the 1956 farming season, which item, while it is shown as a charge against the Jenkins' account, was not reflected in a corresponding credit in favor of Donaldson. Those two items also should be repaid in toto by Jenkins to Donaldson and should not be regarded as items of farm operation. The accounting will then appear as follows:

### Schedule of farm income and expense
#### (excluding trust fund)

Jenkins

| | | |
|---|---|---|
| Produce check received | $2,763.92 | |
| Farm expenses paid (corrected) | 1,187.41 | |
| Net (farm) | | $1,576.51 |

Donaldson

| | | |
|---|---|---|
| Produce checks received | $4,152.40 | |
| Farm expenses paid (corrected) | 1,678.07 | |
| Net (farm) | | $2,474.33 |
| Total farm income (excluding trust fund) | | $4,050.84 |

### Schedule of individual accountings
#### (excluding trust fund)

Jenkins

| | | |
|---|---|---|
| Share of farm income | | |
| ½ of $4,050.84 | $2,025.42 | |
| Amount theretofore received | 1,576.51 | |
| Balance due (underpayment) | | —($448.91) |

Donaldson

| | | |
|---|---|---|
| Share of farm income | | |
| ½ or $4,050.84 | $2,025.42 | |
| Amount theretofore received | 2,474.33 | |
| Balance due (overpayment) | | 448.91 |

### Schedule of division of trust fund (excluding items of $1,758.18, $108.00 and $790.54, totaling $2,656.72, from farm operations account which Donaldson paid to or incurred on behalf of Jenkins)

Jenkins

| | | |
|---|---|---|
| ½ of $2,080.02 trust fund | $1,040.01 | |
| Plus underpayment from farm income | 448.91 | |
| Due Jenkins | | $1,488.92 |

Donaldson

| | | |
|---|---|---|
| ½ of $2,080.02 trust fund | $1,040.01 | |
| Less overpayment farm income | 448.91 | |
| Due Donaldson | | 591.10 |
| Total Trust Fund | | $2,080.02 |

Jenkins' share in the trust fund is $1,488.92, but he must repay Donaldson the three items, $1,758.18, $108.00 and $790.54, totaling $2,656.72; therefore, all of the trust fund must be paid over to Donaldson. Jenkins' share therein of $1,488.92 must be applied to his debt of $2,656.72 owing Donaldson; this leaves a balance of $1,167.80 which Jenkins owes Donaldson.

The foregoing is reflected in the following consolidated accounting:

### Consolidated Schedule

**Jenkins**

| | | | |
|---|---|---|---|
| Produce check received | $2,763.92 | | |
| Additional sums paid to or on Donaldson $108.00, $790.54 and $1,758.18 | 2,656.72 | | |
| Total receipts | $5,420.64 | | |
| Farm expense paid | 1,187.41 | | |
| Gain | $4,233.23 | | |
| Share of Trust Fund to balance | —(1,167.80) | | |

**Donaldson**

| | | | |
|---|---|---|---|
| Produce checks received | | | $4,152.40 |
| Farm expense paid | | $1,678.07 | |
| Additional receipts from behalf of Jenkins, $1,758.18, $108.00 and $790.54 | | 2,656.72 | 4,334.79 |
| Loss | | | —( 182.39) |
| Trust Fund | | | 2,080.02 |
| To Balance | | | 1.167.80 |
| | | $3,065.43 | $3,065.43 |

The cause is remanded with instructions that the judgment be modified to the end that appellant, J. L. Donaldson, have judgment in the sum of $3,065.43 to be paid in part by payment to him of the said trust fund of $2,080.02, less $182.39 (comprising the "loss" listed above to which he is entitled to reimbursement from the trust fund) this sum being $1,897.63, and that the balance then remaining unpaid of $1,167.80 be entered as a judgment as of April 10, 1962, in favor of appellant Donaldson and against respondents, Clarence Jenkins and Peggy Jenkins. In all other respects the judgment is affirmed.

Costs to appellant.

TAYLOR, C. J., and McQUADE, McFADDEN and SPEAR, JJ., concur.