999 P.2d 914

DAISY MANUFACTURING COMPANY, INC., Plaintiff–Respondent,

v.

PAINTBALL SPORTS, INC., a dissolved Idaho corporation, d/b/a Meridian Paintball Adventure, a/k/a Paintball Adventure, and Peter Covino, III, a statutory trustee, Defendants–Appellants.

No. 25414.

Court of Appeals of Idaho.

March 29, 2000.

---

Thomas G. Maile IV, Eagle, for appellants.

Beer & Cain, Boise, for respondent. Dennis L. Cain argued.

LANSING, Judge.

On this appeal, we are asked to determine whether the district court correctly held that the defendant was not the prevailing party for purposes of an award of attorney fees and costs under Idaho Code § 12–120 where the plaintiff's action had been dismissed with prejudice upon stipulation of the parties.

## FACTS AND PROCEDURAL HISTORY

Prior to March 1997, Paintball Sports, Inc. operated a business in Meridian, Idaho. It purchased supplies for the business on open account from Daisy Manufacturing Company, Inc. In March, Paintball Sports, Inc. sold the assets used in its business, including the right to use the name "Paintball Sports" to a third party, who continued the business under the same or a similar name. Daisy, having no notice of the sale, continued to fill orders on the open account, believing it was still doing business with the original account debtor. The new operator evidently failed to pay Daisy for the purchases on the account. Therefore, on May 28, 1998, Daisy filed this collection action naming as defendants Paintball Sports, Inc., which was by then a defunct corporation, and its statutory trustee, Peter Covino III. (The defendants are hereinafter referred to collectively as "Paintball.")

On June 25, 1998, Daisy filed a notice of intent to take default because Paintball had not responded to the complaint. On July 1, Paintball, through counsel, filed an answer denying liability. On July 8, the district court entered a pretrial order specifying deadlines for pretrial activities and scheduling trial for January 11, 1999. Soon thereafter, Paintball served discovery requests on Daisy. In late August or early September, Daisy served responses to these requests, which included copies of its unpaid invoices. The invoices showed that the account purchases for which Daisy sought payment had been made after the date that Paintball ceased business and sold its assets. However, Paintball did not notify Daisy that Paintball had stopped operating or that the purchases at issue had apparently been made by Paintball's successor. During the autumn, Paintball's attorney prepared a motion for summary judgment, but did not file it. In late December Paintball's attorney prepared and served proposed jury instructions and trial exhibits. The proposed exhibits, which documented the sale of Paintball's assets, alerted Daisy's attorney for the first time to the fact that it was not Paintball who had made the open account purchases for which Daisy sought collection. Daisy immediately agreed to dismiss the case with prejudice, with the parties reserving for resolution by the court the issue of entitlement to attorney fees and costs.

After entry of an order of dismissal on the parties' stipulation, Paintball filed a motion for costs and for an award of $4,135 in attorney fees pursuant to I.C. §§ 12–120 and 12–121. This request included attorney fees for discovery activities, drafting of the unfiled summary judgment motion and supporting affidavit, drafting of jury instructions, and other trial preparation. Daisy filed an objection to the request. After a hearing, the district court issued a memorandum decision denying Paintball's motion. The court held that Paintball was not entitled to fees under I.C. § 12–121 because Daisy had not pursued the case frivolously, unreasonably, or without foundation. That ruling is not at issue on appeal.

Paintball's request for fees under I.C. § 12–120 was denied on the ground that Paintball was not the prevailing party. This ruling was based upon the court's perception that Paintball or its counsel had elected to unnecessarily proceed with full-scale litigation instead of attempting to expeditiously

dispose of the case by notifying Daisy at the outset that it had sued the wrong party. The court reasoned:

> A party does not have to receive affirmative relief in order to be considered a prevailing party, but mere dismissal of a claim without trial does not mean that the party against whom relief was sought is the prevailing party; dismissal of a claim is one of many factors, including the time at which the dismissal was entered, that may be taken into consideration in determining the prevailing party.
>
> . . . .

Defendants argue that they were required to engage in discovery to determine what charges were at issue and when they were incurred. They obtained this information by late August, 1998, according to Daisy's discovery responses. There is no indication that this information could not have been obtained without formal discovery. It appears from the attorney fee billing submitted in support of Defendants' motion that Defendants did not raise the issue of lack of ownership of the business with Daisy's counsel until late December, 1998, almost six months after the Complaint was filed and less than a month prior to the scheduled trial date. It further appears that as soon as Daisy was made aware of the sale and verified this, it stipulated to dismissal of the Complaint with prejudice.

Thus, while Defendants did obtain a dismissal without payment to Daisy, they could have done so prior to engaging in litigation by contacting Daisy's counsel at the outset and advising Daisy of the sale. For this reason, I do not find that Defendants prevailed in this litigation.

Paintball appeals, asserting that it was error for the district court to hold that Paintball was not the prevailing party and thus not entitled to fees under I.C. § 12–120.

## ANALYSIS

Idaho Code § 12–120(3) provides that an award of attorney fees to the prevailing party is mandatory in various types of civil actions including, *inter alia,* actions to recover on an open account, actions to recover on contracts for the sale of goods, and actions arising out of any commercial transaction.[1] The parties agree that the present action falls within the purview of this statute. They disagree only as to whether Daisy qualifies as a prevailing party.

The determination of whether a litigant is the "prevailing party" is committed to the discretion of the trial court. *Gilbert v. City of Caldwell,* 112 Idaho 386, 399, 732 P.2d 355, 368 (Ct.App.1987); *Chadderdon v. King,* 104 Idaho 406, 411–12, 659 P.2d 160, 165–66 (Ct.App.1983). On appellate review, we examine the trial court's decision to determine whether the trial court correctly perceived the issue as one of discretion, acted within the outer boundaries of its discretion and consistently with applicable legal standards, and reached its decision by an exercise of reason. *Sun Valley Shopping Center, Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991); *State v. Hedger,* 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989); *Jerry J. Joseph C.L.U. Ins. Assoc. v. Vaught,* 117 Idaho 555, 557, 789 P.2d 1146, 1148 (Ct.App. 1990).

On the prevailing party issue, governing legal standards are provided by Idaho Rule of Civil Procedure 54(d)(1)(B), which states:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties, whether there were multiple claims, multiple issues, counterclaims, third party claims, cross-claims, or other multiple or cross issues between the parties, and the extent to which each party

---

1. Idaho Code § 12–120(3) states in part:

    In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of goods, wares, merchan- dise, or services and in any commercial trans- action unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

prevailed upon each of such issue or claims. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

Thus, under I.R.C.P. 54(d)(1)(B), there are three principal factors the trial court must consider when determining which party, if any, prevailed: (1) the final judgment or result obtained in relation to the relief sought; (2) whether there were multiple claims or issues between the parties; and (3) the extent to which each of the parties prevailed on each of the claims or issues. *Chadderdon*, 104 Idaho at 411, 659 P.2d at 165. The "result obtained" may be the product of a court judgment or of a settlement reached by the parties. *Jerry J. Joseph C.L.U. Assoc., supra; Ladd v. Coats,* 105 Idaho 250, 668 P.2d 126 (Ct.App.1983).

■ In our view, the district court did not properly apply the criteria of Rule 54(d)(1)(B) in holding that Paintball was not the prevailing party. The "result obtained" in this case was a dismissal of Daisy's action with prejudice, the most favorable outcome that could possibly be achieved by Paintball as defendant. Daisy gained no benefit as a consequence of the litigation. There were not multiple claims or issues, but a single claim by Daisy for collection of an account receivable, on which Paintball was successful. Although the prevailing party determination is discretionary in nature, this discretion must be exercised within the bounds of governing legal standards. Under some circumstances application of these standards requires a holding that one party is the prevailing party on a particular claim as a matter of law. *Holmes v. Holmes,* 125 Idaho 784, 788, 874 P.2d 595, 599 (Ct.App.1994). This is such a case, for application of the Rule 54(d)(1)(B) factors can lead only to a conclusion that Paintball was the prevailing party.

In reaching a decision to the contrary, the district court relied upon the following language in *Chenery v. Agri–Lines Corp.,* 106 Idaho 687, 692, 682 P.2d 640, 645 (Ct.App. 1984):

Mere dismissal of a claim without a trial does not necessarily mean that the party against whom the claim was made is a prevailing party for the purpose of awarding costs and fees. Dismissal of a claim may be but one of many factors to consider. When the claim was dismissed may be another.

We view the district court's reliance on this statement to be misplaced because the *Chenery* court was addressing a circumstance involving multiple claims and counterclaims. *Chenery* went on to explain:

Where, as here, there are claims, counterclaims and cross-claims, the mere fact that a party is successful in asserting or defeating a single claim does not mandate an award of fees to the prevailing party on that claim. The rule does not require that. It mandates an award of fees only to the party or parties who prevail "in the action."

*Id.* at 693, 682 P.2d at 646. Hence the *Chenery* court's comments have little application to a single-claim case like the one before us.

We conclude that on the facts presented here, the district court's determination that Paintball was not the prevailing party was inconsistent with applicable legal standards and therefore exceeded the bounds of the court's discretion. Consequently, we vacate the district court's order and remand the case to that court for further consideration of Paintball's request for costs and attorney fees in light of our holding that Paintball was the prevailing party as a matter of law.

■ The district court on remand will be thus presented with another discretionary decision—the amount of attorney fees to be awarded. A few additional comments are warranted for the district court's guidance on that issue. We think it important to note that factors mistakenly relied upon by the district court to hold that Paintball was not the "prevailing party" may *properly* be considered in determining the *amount* of fees to be awarded. Paintball is entitled to only "a

reasonable attorney fee." I.C. § 12–120(3). This amount may be more or less than the sum which the prevailing party is obligated to pay its attorney under their agreement. *Nalen v. Jenkins,* 114 Idaho 973, 976, 763 P.2d 1081, 1084 (Ct.App.1988). What constitutes a "reasonable" fee is a discretionary determination for the trial court, to be guided by the criteria of I.R.C.P. 54(e)(3). *Kelly v. Hodges,* 119 Idaho 872, 876, 811 P.2d 48, 52 (Ct.App.1991). These criteria include "[t]he time and labor required," I.R.C.P. 54(e)(3)(A), and "[a]ny other factor which the court deems appropriate in the particular case." I.R.C.P. 54(e)(3)(L). The time and labor *actually* expended by an attorney is to be considered, but it is also to be evaluated under a standard of reasonableness. "A court is permitted to examine the reasonableness of the time and labor expended by the attorney under I.R.C.P. 54(e)(3)(A) and need not blindly accept the figures advanced by the attorney.... An attorney cannot 'spend' his time extravagantly and expect to be compensated by the party who loses at trial." *Craft Wall of Idaho, Inc. v. Stonebraker,* 108 Idaho 704, 706, 701 P.2d 324, 326 (Ct.App. 1985). Hence, a court may disallow fees that were unnecessarily and unreasonably incurred or that were the product of attorney "churning."

■ Here, the district court was concerned about the choice of Paintball[2] and its counsel to not inform Daisy until the eve of trial that Paintball had sold its business and that the account charges for which Daisy sought payment were incurred by Paintball's successor. This is a legitimate consideration for the district court in determining what amount of attorney fees is reasonable in this case.

■ Both parties have also requested attorney fees on appeal. The mandatory attorney fee provisions of I.C. § 12–120 govern on appeal as well as in the trial court. *Cheney v. Smith,* 108 Idaho 209, 211, 697 P.2d 1223, 1225 (Ct.App.1985); *Boise Truck & Equip., Inc. v. Hafer Logging, Inc.,* 107 Idaho 824, 826, 693 P.2d 470, 472 (Ct.App.1984). This Court has held that the statute does not apply to an appeal that challenges only the *amount* of an award below, but that it does apply if the appeal is concerned with the *entitlement* to an award below. *Building Concepts, Ltd. v. Pickering,* 114 Idaho 640, 645, 759 P.2d 931, 936 (Ct.App.1988); *Spidell v. Jenkins,* 111 Idaho 857, 861, 727 P.2d 1285, 1289 (Ct.App.1986); *Cheney, supra; DeWils Interiors, Inc. v. Dines,* 106 Idaho 288, 291–93, 678 P.2d 80, 83–85 (Ct.App.1984). We deem the issue presented here to be one of entitlement, and Paintball has prevailed on appeal. Accordingly, Paintball is awarded reasonable attorney fees to be determined pursuant to Idaho Appellate Rule 41.

The order of the district court denying Paintball's motion for costs and attorney fees is vacated, and the matter is remanded to the district court for further consideration of the motion in conformity with this opinion. Costs and attorney fees on appeal are awarded to appellants.

Chief Judge PERRY and Judge SCHWARTZMAN concur.

---

**2.** Paintball apparently received from Daisy a prelitigation letter requesting payment of the account, but Paintball did not respond.