117 P.3d 130

**EIGHTEEN MILE RANCH, LLC, and T.R. Shelby and Emily Shelby, individually and as its managers, Plaintiffs–Respondents,**

v.

**NORD EXCAVATING & PAVING, INC., Darrin Nord, and Reed Nord, Defendants–Appellants.**

No. 30807.

Supreme Court of Idaho,
Boise, May 2005 Term.

July 1, 2005.

Thomsen & Stephens, P.A., Idaho Falls, for appellants. Alan C. Stephens argued.

Cox, Ohman & Brandstetter, Chtd., Idaho Falls, for respondent. Michael J. Ohman argued.

JONES, Justice.

After a jury trial involving a contract dispute, the district court denied Appellants' request for attorney fees and costs, having concluded that they were not prevailing parties. We reverse the order denying costs and fees and remand the case for determination of an appropriate award.

## I.

T.R. Shelby and Emily Shelby (Shelbys) own Eighteen Mile Ranch, located east of Dubois, Idaho. Camas Creek bisects the ranch, so the Shelbys undertook a project aimed at discouraging grazing cattle from moseying near or into the creek. The Shelbys sought the services of Nord Excavating & Paving, Inc. (Nord Excavating or Company), a company owned by Darrin and Reed Nord, to install water lines and cattle troughs and dig trenches for power lines. Nord Excavating agreed to perform the work pursuant to a written contract with the Shelbys. Later, when the project was nearly completed, the Shelbys requested Nord Excavating to plant some trees and bushes along the creek, and Nord Excavating obliged. Sometime thereafter, however, the parties became embroiled in a contract dispute (the details of which are unimportant to this appeal) and, before the project was complete, the Shelbys kicked the Nords off the project and sued Nord Excavating, Darrin Nord, Reed Nord, and Casey Nord, Darrin's wife and Nord Excavating's bookkeeper. After the initial answer was filed, the Nords filed an amended answer and Nord Excavating filed a counterclaim seeking about $12,000 in compensation for services provided. The individual Nords were not parties to the counterclaim.

The parties stipulated to dismiss Casey from the suit a few days before trial began. After the close of the Shelbys' case, Darrin was dismissed from the suit by way of a motion for directed verdict. Ultimately, the jury found that the Shelbys had not performed the contract and that Nord Excavating had performed. The jury also found that Reed had personally guaranteed the work, but prior to trial the district court had dismissed that claim on statute of frauds grounds. The net result was that Reed was determined to have no liability to the Shelbys. The jury awarded Nord Excavating $1,054.38 on the Company's counterclaim. The district court entered judgment on the verdict and the Nords and the Company filed a memorandum of costs and attorney fees under I.C. § 12–120. The district court found that neither the Nords nor the Company were prevailing parties and accordingly denied their request. The Nords and Nord Excavating filed a motion to reconsider, only to receive the same result for the same reason. This timely appeal followed.

## II.

We address three issues. We consider first whether the Nords and the Company were prevailing parties. Second, we consider whether the Nords and Nord Excavating adequately supported their request for fees. Third, we consider the question of attorney fees on appeal.

### A.

■ We deal first with the prevailing party issue. The Nords and the Company argue that each of them obtained the best result possible and that they are, as a matter of law, prevailing parties. The Shelbys, on the other hand, argue the court's determination—that the Nords and the Company were not prevailing parties—was well within its discretion. *See* Idaho R. Civ. P. 54(d)(1)(B); *J.R. Simplot Co. v. Chemetics Int'l, Inc.*, 130 Idaho 255, 939 P.2d 574 (1997). We agree with the Nords.

■ A determination on prevailing parties is committed to the discretion of the trial court and we review the determination on an

abuse of discretion standard. *Burns v. Baldwin,* 138 Idaho 480, 486–87, 65 P.3d 502, 508–09 (2003). Idaho R. Civ. P. 54(d)(1)(B) guides courts' inquiries of the prevailing party question.[1] It provides:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court in its sound discretion may determine that a part to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

In its first memorandum decision on fees and costs, the court observed that Casey was dismissed prior to trial, Darrin was dismissed after a motion for directed verdict, and the jury awarded Nord Excavating less than a tenth of the damages it was seeking in its counterclaim. The court did not mention the outcome in Reed's and Nord Excavating's favor as defendants, and wrote that "[t]aking into consideration the claims, counterclaims and damages alleged and recovered by the parties, neither of the 'parties' prevailed in this case." In so ruling, the district court appears to have relied upon the following language it quoted from *Chenery v. Agri–Lines Corp.,* 106 Idaho 687, 682 P.2d 640 (Ct.App.1984):

> Mere dismissal of a claim without trial does not necessarily mean that the party against whom the claim was made is a prevailing party for the purpose of awarding costs and fees.
>
> . . .
>
> Where, as here, there are claims, counterclaims and cross-claims, the mere fact that a party is successful in asserting or defeating a single claim does not mandate an award of fees to the prevailing party on that claim. The rule does not require that. It mandates an award of fees only to the party or parties who prevail 'in the action.'

106 Idaho at 692–93, 682 P.2d at 645–46. The quoted language is correct but the district court misinterpreted it. In determining which party prevailed in an action where there are claims and counterclaims between opposing parties, the court determines who prevailed "in the action." That is, the prevailing party question is examined and determined from an overall view, not a claim-by-claim analysis.

Viewing its success from an overall standpoint, Nord Excavating was a prevailing party. In ruling it was not, the district court focused too much attention on the Company's less than tremendous success on its counterclaim and seemingly ignored the fact that the Company avoided all liability as a defendant. The district court improperly undervalued the Company's successful defense. Avoiding liability is a significant benefit to a defendant. In baseball, it is said that a walk is as good as a hit. The latter, of course, is more exciting. In litigation, avoiding liability is as good for a defendant as winning a money judgment is for a plaintiff. The point is, while a plaintiff with a large money judgment may be more exalted than a defendant who simply walks out of court no worse for the wear, courts must not ignore the value of a successful defense. In this case, logic suggests that a verdict in Nord Excavating's favor and a victory on its counterclaim (albeit, a relatively small one), by definition, makes it a prevailing party.

■■■■ The individual Nords were also prevailing parties. Darrin left the suit upon a motion for directed verdict. He incurred no liability. For him that was "the most favorable outcome that could possibly be achieved." *Daisy Mfg. Co., Inc. v. Paintball Sports,* 134 Idaho 259, 262, 999 P.2d 914, 919 (Ct.App.2000). Also, Reed defended himself through the entire trial and escaped all liability—again, achieving the most favorable outcome that could possibly be achieved. The same must be said for Casey, who was dismissed a few days before trial. Darrin,

---

1. Idaho R. Civ. P. 54(d)(1)(B) speaks only of costs; however, Rule 54(e)(1), pertaining to attorney fees, incorporates the Rule 54(d)(1)(B) definition of prevailing party.

Reed, and Casey are clearly prevailing parties.[2]

■ Another infirmity in the district court's holding deserves mention. In its decision on the motion to reconsider, the court stated:

Each of the parties in this case contributed to the misunderstandings that led to this litigation by the manner in which they did business. Their contractual obligations were haphazardly entered into with poor communication and understanding between them. The defendants inadequately performed their contractual obligations. Shelbys were overly critical of the defendants' performance. The parties' uncooperative attitudes continued into this case making it difficult, if not impossible, for them to settle their disputes without a trial. The parties are jointly responsible for the filing and continuation of this action.

The Nords contend that the court "used language that could be interpreted as a message that its sense of justice might be at issue." The above-quoted language does convey such an impression. It is improper to allow such considerations to play a part in determining who prevailed. The court "may not use the award or denial of attorney fees to vindicate his sense of justice beyond the judgment rendered on the underlying dispute between the parties." *Evans v. Sawtooth Partners*, 111 Idaho 381, 387, 723 P.2d 925, 931 (Ct. App.1986).

### B.

■ Having concluded that the Nords and the Company were prevailing parties, we must now decide whether they adequately supported their request for fees. It is well established that "[a] party claiming attor-

ney's fees must assert the specific statute, rule, or case authority for its claim." *MDS Invs., L.L.C. v. State*, 138 Idaho 456, 465, 65 P.3d 197, 206 (2003). *See also Bream v. Benscoter*, 139 Idaho 364, 79 P.3d 723 (2003). The Shelbys contend that the Nords failed to cite a rule, statute, or other authority in support of their request for fees. The Shelbys are wrong. In their initial and subsequent fee requests the Nords and the Company cited I.C. § 12–120, and requested fees "as a matter of costs because this was a commercial transaction as defined by Idaho Code § 12–120." We see nothing defective in this fee request. While it does not specifically refer to subsection (3) of I.C. § 12–120, it adequately identifies the ground under which fees are sought.

■ The Shelbys contend that a prevailing party may not be awarded attorney fees unless it has stated in its pleadings the specific code section upon which it will rely for a fee award. Such a contention does find some support in the case law. For example, in *Jenkins v. Donaldson*, 91 Idaho 711, 715, 429 P.2d 841, 845 (1967), fees were denied for failure to request the same in a pleading. However, this result is at odds with Idaho R. Civ. P. 54(e)(4) which states, "It shall not be necessary for any party in a civil action to assert a claim for attorney fees in any pleading. . . ." The proviso following this language is worded somewhat awkwardly but it appears the proviso is intended to set out a different requirement for judgments by default—that the fee statute (other than section 12–121) or contract provision and amount of any fee award sought be specifically stated in the prayer of the complaint as a precondition to obtaining fees in a judgment by default. Rule 54(e)(4) did not exist at the time *Jen-*

2. Just because each of the defendants was a prevailing party, it does not mean that each gets an individual fee award. All of the defendants were represented by the same attorney and they submitted one memorandum of costs and attorney fees, seeking attorney fees in the amount of $35,837.50. When the district court indicated in its initial decision denying fees that the defendants had not itemized the fees incurred by each individual defendant, the defendants submitted a second memorandum of costs and attorney fees making such an itemization. Since they were represented by the same attorney, the itemiza-

tions overlapped—the attorney time claimed by each of the Nords was all included in time claimed by the Company. The district court erroneously assumed that the defendants were each requesting separate fee awards for the entire amount itemized for each defendant, which totaled $129,837.50. However, the maximum amount of attorney time that properly could be considered in determining the award under the Rule 54(e)(3) factors is $35,837.50, the total amount of attorney time expended on the case for all defendants.

*kins* was decided. It did not become effective until March 1, 1979. By virtue of the adoption of Rule 54(e)(4), the *Jenkins* holding has been superseded and has no further validity. Thus, a party need not have listed a specific attorney fee provision in its pleading in order to obtain a fee award under that provision upon prevailing in the litigation. While it is obviously the better practice to specify the fee request in the pleading, both to preserve a claim for fees in the event of a default and to put the opposing party on notice of the fee claim, failure to do so is not fatal to a fee claim in a contested matter. And, of course, a party must specify, in its Idaho R. Civ. P. 54(e)(5) fee request, the code section or contract provision pursuant to which it makes the fee request. Here, the Nords and Nord Excavating did so in their initial memorandum of costs and attorney fees, citing the commercial transaction ground, which is set forth in subsection (3) of I.C. § 12–120. They are not prevented from seeking an award just because their answer or counterclaim did not specifically designate this provision.

### C.

 Finally, we turn to the question of attorney fees on appeal. The Nords seek fees on appeal, pointing out, "[t]he mandatory attorney fee provisions of I.C. § 12–120 govern on appeal as well as in the trial court." *Daisy Mfg. Co.*, 134 Idaho at 263, 999 P.2d at 918. When the appeal of an order on attorney fees concerns entitlement to them, not the amount of an award, the statute does apply. *Id.* The Nords and the Company have prevailed on appeal and, as this appeal concerns entitlement and not the amount of the award, they are awarded attorney fees on appeal.

### III.

The individual Nords and Nord Excavating were prevailing parties below and they adequately supported their request for fees and costs. The district court's order denying their request is therefore reversed and the case is remanded for determination of an appropriate award. The Nords and the Company having requested a single fee award, the district court should determine an appropriate award under the factors set out in Idaho R. Civ. P. 54(e)(3), leaving it to the Nords and the Company to determine how the fee shall be allocated among them. The Nords and the Company have also prevailed here, and they are therefore entitled to costs and attorney fees on appeal.

Chief Justice SCHROEDER, and Justices TROUT, EISMANN and BURDICK, concur.

