Chief Justice EISMANN,
specially concurring.
I concur in the majority opinion, but write simply to add the following.
*72 This case is directly controlled by our recent unanimous opinion in Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc., 141 Idaho 716, 117 P.3d 130 (2005). In that case, “[t]he parties stipulated to dismiss Casey [Nord] from the suit a few days before trial began.” Id. at 718, 117 P.3d at 132. The stipulation did not mention costs and attorney fees. The trial court refused to award attorney fees and costs to Casey Nord and the other defendants on the ground that they were not prevailing parties, and they appealed. On appeal, we noted, “In litigation, avoiding liability is as good for a defendant as winning a money judgment is for a plaintiff.” Id. at 719, 117 P.3d at 133. We unanimously held that Casey Nord was a prevailing party and was entitled to an award of attorney fees. We stated:
The individual Nords were also prevailing parties. Darrin left the suit upon a motion for directed verdict. He incurred no liability. For him that was “the most favorable outcome that could possibly be achieved.” Also, Reed defended himself through the entire trial and escaped all liability — again, achieving the most favorable outcome that could possibly be achieved. The same must be said for Casey, who was dismissed a few days before trial. Darrin, Reed, and Casey are clearly prevailing parties.
Id. at 719-20, 117 P.3d at 133-34 (emphasis added). This Court concluded, “The individual Nords and Nord Excavating were prevailing parties below and they adequately supported their request for fees and costs. The district court’s order denying their request is therefore reversed and the case is remanded for determination of an appropriate award.” Id. at 721,117 P.3d at 135. The Eighteen Mile Ranch case is indistinguishable from the present case.
The Eighteen Mile Ranch opinion also answers the question of whether a stipulation to dismiss a case with prejudice includes dismissal of any right to recover court costs or attorney fees. “A civil action is commenced by the filing of a complaint with the court.” I.R.C.P. 3(a); accord Sanchez v. State, Dept. of Correction, 143 Idaho 239,141 P.3d 1108 (2006). The complaint, and any other pleading that sets forth a claim for relief, must contain “a short and plain statement of the claim showing that the pleader is entitled to relief.” I.R.C.P. 8(a)(1); accord Idaho Dept. of Labor v. Sunset Marts, Inc., 140 Idaho 207, 91 P.3d 1111 (2004). For the right to recover attorney fees to be included in the dismissal of an action, the right to attorney fees must be a “claim for relief1’ that is required to be included in the pleadings.
In the Eighteen Mile Ranch case, we addressed this issue as to whether a request for the award of attorney fees must be alleged in a pleading, whether a complaint or an answer. We held that it did not. “Thus, a party need not have listed a specific attorney fee provision in its pleading in order to obtain a fee award under that provision [I.R.C.P. 54(e)(4) ] upon prevailing in the litigation.” 141 Idaho at 721, 117 P.3d at 135. Since a right to recover attorney fees is not a “claim for relief’ included in a pleading, the dismissal of the pleading with prejudice does not constitute any determination of the prevailing party’s right to recover attorney fees.[4]
Indeed, there can be no prevailing party until the merits of the lawsuit have been decided and there is a final judgment. Howard v. Perry, 141 Idaho 139, 106 P.3d 465 *73 (2005); I.R.C.P. 54(d)(1)(B). A dismissal of an action “with prejudice” is simply an adjudication on the merits of the plaintiffs claim. King v. Lang, 136 Idaho 905, 42 P.3d 698 (2002); Scott v. Agricultural Prods. Corp., Inc., 102 Idaho 147, 627 P.2d 326 (1981); Sullivan v. Allstate Ins. Co., 117 Idaho 880, 792 P.2d 905 (1990). In the instant case, there was no final judgment until the action was dismissed with prejudice. The dismissal of Straub’s action with prejudice was a precondition to the Smiths’ right to recover court costs and attorney fees, not a denial of that right.
The district court erred when it denied the Smiths their right to seek an award of attorney fees without giving them a hearing on the matter. The Smiths had the right to seek an award of attorney fees by filing a memorandum of costs within fourteen days after entry of the judgment. I.R.C.P. 54(d)(5) & (e)(5). If Straub objected to the allowance of attorney fees or the amount claimed, she was required to file a motion stating such objection within fourteen days after service of the memorandum of costs. I.R.C.P. 54(d)(6) & (e)(6). The district court short-circuited the process by entering a judgment denying the Smiths any right to recover attorney fees without giving them an opportunity to request attorney fees in their memorandum of costs or to be heard on that request.
In fairness to the district court, Straub’s counsel bears some responsibility for the short-circuiting of the procedures. Every attorney worth his or her salt knows that if you want to dismiss your complaint just before trial and do not want your client to be hable for the defendant’s court costs and attorney fees, you had better seek a stipulation stating that each party will bear their own costs and attorney fees. Straub’s counsel did not do so in this case. Instead, he obtained the Smiths’ agreement “to the entry of an Order granting the plaintiff’s motion to dismiss this case with prejudice” and then submitted to the district court a proposed order adding the provision that the dismissal was “without an award of attorney fees of [sic] costs to either party.” Obviously, if the Smiths’ agreement that the case be dismissed with prejudice meant that each party would bear their own court costs and attorney fees, there would have been no need for Straub’s counsel to add that provision to the proposed order. It would have been unnecessary surplusage. Straub’s counsel obviously believed he needed to add that language to the proposed order in order to obtain the result he wanted. Notably, he submitted the proposed order to the district court but did not send a copy to the Smiths’ counsel. Smiths’ counsel did not learn of the added language until after the order had been signed by the district court. The district court may initially have assumed that the Smiths had agreed to the proposed order submitted by Straub’s counsel. However, upon being shown that such was not the case, the district court should have acted to correct the injustice.
The Smiths have a statutory right to an award of attorney fees pursuant to Idaho Code § 12-120(3). Straub agrees that “[t]he underlying transaction between the parties was clearly a commercial transaction under Idaho Code § 12-120(3).” The Smiths are also clearly the prevailing parties in this litigation. Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc., 141 Idaho 716, 117 P.3d 130 (2005). They could not have obtained a better outcome in the litigation. Therefore, they were entitled to an award of a reasonable attorney fee.
W. JONES, J. concurs.

. We have in many instances upheld, or even ordered, the award of attorney fees where a case was dismissed with prejudice. For example, in McCann v. McCann, 138 Idaho 228, 232, 61 P.3d 585, 589 (2002), the district court dismissed the plaintiff's complaint “with prejudice” and awarded the defendants “attorney fees and costs.” We held on appeal that the district court did not abuse its discretion in awarding attorney fees. In Miller v. St. Alphonsus Regional Medical Center, Inc., 139 Idaho 825, 840, 87 P.3d 934, 949 (2004), we "affirm[ed] the judgment of the district court dismissing this action with prejudice and awarding attorney fees to the Hospital under Idaho Code § 12-120(3).” In Taylor v. Just, 138 Idaho 137, 143, 59 P.3d 308, 314 (2002), we "reverse[dj the judgment of the district court and remand[ed] this case with instructions to enter a judgment dismissing the complaint with prejudice and to award the Trustee a reasonable attorney fee.” In Nampa Charter School, Inc. v. DeLaPaz, 140 Idaho 23, 26, 89 P.3d 863, 866 (2004), “the district court granted DeLaPaz’s 12(b)(6) motion and dismissed NCS’s claims with prejudice.” It also "awarded DeLa-Paz 20% of the attorney fees requested together with costs.” We affirmed on appeal.