**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 48455**

| | | |
|---|---|---|
| TODD ALLEN TULLETT and TODD TULLETT, LLC, an Oregon limited liability company, | ) ) ) | **Filed: August 27, 2021** |
| | ) | **Melanie Gagnepain, Clerk** |
| Plaintiffs-Counterdefendants-Respondents, | ) ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| v. | ) | **BE CITED AS AUTHORITY** |
| | ) | |
| BRIAN PEARCE and SUSAN PEARCE, husband and wife; PORTER PEARCE and AURORA PEARCE, husband and wife, | ) ) ) ) | |
| | ) | |
| Defendants-Counterclaimants-Appellants. | ) ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Payette County. Hon. Susan E. Wiebe, District Judge.

Order denying attorney fees and costs, <u>affirmed in part and reversed in part</u>; and <u>case remanded</u>.

Olsen Taggart PLLC; Nathan M. Olsen, Idaho Falls, for defendant-appellant. Nathan M. Olsen, argued.

Intermountain Law, PC; David R. Auxier, Fruitland, for plaintiffs-respondents. David R. Auxier, argued.

_____

HUSKEY, Chief Judge

Appellants, Brian, Susan, Porter, and Aurora Pearce, appeal from the district court's denial of their request for attorney fees and costs from respondents, Todd Tullett and Todd Tullett, LLC ("the LLC"). The district court denied the Pearces' request for attorney fees and costs after finding that neither the Pearces nor Todd Tullett and the LLC were prevailing parties. For the reasons set forth below, we affirm in part, and reverse in part, the order denying attorney fees and costs and remand the case for further proceedings.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2018, Todd Tullett and the LLC filed a complaint against Brian, Susan, Porter, and Aurora Pearce alleging breach of contract, negligence, and unfair trade practices in relation to the boarding, injury, and subsequent death of a horse. The Pearces filed an answer to the complaint and filed a counterclaim for general tort; Brian and Susan Pearce filed a counterclaim against Todd Tullett for trespass; and Aurora Pearce filed a counterclaim against Todd Tullett for emotional distress.

The counterclaim for general tort stated:

> CAUSE OF ACTION I --- GENERAL TORT
>
> 16. Counter-defendant Tullett did unlawfully and illegally transport a mare to Counterclaimants Brian and Susan's property, which caused Counterclaimants to incur substantial damages and costs as well as suffer distress.
>
> 17. Tullett failed to remove the mare from Brian and Susan's property when asked to do so, causing Counterclaimants to incur substantial costs to care for the mare, property damage caused by the mare, and efforts to protect other animals on the property.
>
> 18. Tullett's threatening conduct and extortive behavior over a several-month period has caused Counterclaimants to incur substantial costs and suffer grief.
>
> 19. Counterclaimants are entitle tod special and general damages as a result of Tullett's wrongful conduct in an amount to be determined by the trier of fact.

The additional counterclaims were titled "CAUSE OF ACTION II --- TRESPASS (Brian and Susan against Tullettt)" and "CAUSE OF ACTION III --- EMOTIONAL DISTRESS (Aurora against Tullett)."

Todd Tullett and the LLC filed a motion for summary judgment on all claims and counterclaims, and the Pearces filed a cross-motion for summary judgment on all claims and counterclaims. The district court issued an order dismissing all of Todd Tullett and the LLC's claims against Brian and Susan Pearce, leaving for trial Todd Tullett's and the LLC's breach of contract and negligence claims against Porter and Aurora Pearce. The district court also dismissed the Pearces' general tort claim and Aurora Pearce's claim for emotional distress, leaving for trial Brian and Susan Pearce's trespass claim against Todd Tullett.

At trial, following the close of Todd Tullett and the LLC's case, Porter and Aurora Pearce moved for a directed verdict rejecting the remaining claims against them, which was apparently

granted as to the claims brought by Todd Tullett.[1]  The jury found Porter and Aurora Pearce were not negligent as the LLC alleged.  The jury also found that Todd Tullett did not trespass against Brian and Susan Pearce as the Pearces alleged.  Subsequently, Todd Tullett filed a memorandum of costs seeking $10,661.44 in attorney fees from Brian and Susan Pearce, $1,184.60 from Porter Pearce, and $2,369.21 from Aurora Pearce.  The Pearces filed a memorandum of attorney fees and costs seeking $78,621.00 in attorney fees and $1,054.60 in costs from Todd Tullett and the LLC. Porter and Aurora Pearce incurred $65,983.00 in attorney fees, and Brian and Susan Pearce incurred the remaining $12,638.00 in attorney fees.  Todd Tullett, the LLC, and the Pearces filed respective motions to disallow the opposing parties' requested attorney fees and costs.

The district court found none of the parties were prevailing parties and denied the requests for attorney fees and costs.  In holding that there was no prevailing party, the district court found:

> [T]he parties both prevailed and lost their respective pre-trial motions in fairly equal fashion.  Overall, the summary judgment limited claims, defense, and damages for trial for both sides.
>
> The Court also ruled against the Defendants on the majority of the other motions brought before trial.  While the Court did grant several of Plaintiffs' requests in their motion in limine, most were simply a reiteration and/or clarification of the court's rulings in its summary judgment order and previous in-court admonishments to the parties.
>
> The Court having considered (a) the final judgment or result obtained in the action in relation to the relief sought by the respective parties; (b) whether there were multiple claims or issues between the parties; and (c) the extent to which each of the parties prevailed on each of the issues or claims, finds that there was no prevailing party as defined by I.R.C.P. 54(d)(1)(B).

Final judgment was entered on July 23, 2020.  The Pearces timely appealed.

## II.

## STANDARD OF REVIEW

A district court's determination of prevailing party status is left to the sound discretion of that court and will not be disturbed absent an abuse of discretion.  *Radford v. Van Orden*, 168 Idaho 287, 306, 483 P.3d 344, 363 (2021).  Similarly, an award of attorney fees and costs is within

---

[1]      The Pearces assert the minutes are incorrect and that the district court granted the motion. In support of their claim, the Pearces cite to the jury verdict form, which does not include Todd Tullett's claims against Porter and Aurora Pearce and reflects only claims brought by the LLC. There is no transcript of the hearing in the record.  Neither Tullett nor the LLC challenge the Pearces' assertion that the minutes are incorrect.  Based on the minutes and the special verdict form, it appears the district court granted the motion for directed verdict with respect to Todd Tullett's claims and denied the motion with respect to the LLC's claims.

the discretion of the trial court and subject to an abuse of discretion standard of review. *Id.* When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

## III.

## ANALYSIS

### A. The District Court Abused Its Discretion by Failing to Consider the Extent to Which the Pearces Prevailed Against the LLC

The Pearces argue the district court erred when it failed to distinguish the results achieved by the respective parties against each other and found that none of the Pearces were prevailing parties. The Pearces assert that each member of the Pearce family was a prevailing party against Todd Tullett and the LLC. Todd Tullett and the LLC assert that the Pearces are not prevailing parties because they did not successfully prosecute their counterclaims.

A prevailing party in an action is entitled to certain costs as a matter of right and may, in some cases, also be awarded discretionary attorney fees. I.R.C.P. 54(e)(1). Idaho Rule of Civil Procedure 54(d)(1)(B) guides the court's inquiry on the prevailing party question as follows:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court must, in its sound discretion, consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court may determine that a party to an action prevailed in part and did not prevail in part, and on so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

Rule 54(d)(1)(B) requires the court to consider: (a) the final judgment or result obtained in the action in relation to the relief sought by the respective parties; (b) whether there were multiple claims or issues between the parties; and (c) the extent to which each of the parties prevailed on each of the issues or claims. *Nguyen v. Bui*, 146 Idaho 187, 192, 191 P.3d 1107, 1112 (Ct. App. 2008). "[W]here there are claims and counterclaims between opposing parties, the court determines who prevailed 'in the action.' That is, the prevailing party question is examined and determined from an overall view, not a claim-by-claim analysis." *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 719, 117 P.3d 130, 133 (2005). When multiple

4

parties are partially successful, it is within the district court's discretion to decline an award of attorney fees to either side. *Israel v. Leachman*, 139 Idaho 24, 27, 72 P.3d 864, 867 (2003).

The Idaho Supreme Court's analyses in *Eighteen Mile Ranch* and *Wandering Trails, LLC v. Big Bite Excavation, Inc.*, 156 Idaho 586, 329 P.3d 368 (2014), instruct that when there are multiple plaintiffs and defendants, neither the plaintiffs nor the defendants can be aggregated when determining the prevailing party pursuant to I.R.C.P. 54(d)(1)(B). *See Eighteen Mile Ranch*, 141 Idaho at 719-20, 117 P.3d at 133-34; *Wandering Trails*, 156 Idaho at 598, 329 P.3d at 380. Instead, the trial court must consider the extent to which each individual party prevailed. *See Eighteen Mile Ranch*, 141 Idaho at 719-20, 117 P.3d at 133-34; *Wandering Trails*, 156 Idaho at 598, 329 P.3d at 380.

In *Eighteen Mile Ranch*, multiple plaintiffs (Eighteen Mile Ranch, LLC, T.R. Shelby, and Emily Shelby) sued multiple defendants (Nord Excavating & Paving, Inc., Darrin Nord, Reed Nord, and Casey Nord). *Eighteen Mile Ranch*, 141 Idaho at 718, 117 P.3d at 132. The defendants filed an answer and Nord Excavating filed a counterclaim. *Id.* Casey Nord was dismissed as a party prior to trial. *Id.* Following a jury trial, Darrin Nord was dismissed pursuant to a directed verdict. *Id.* The jury found the Shelbys had not performed the contract, but Nord Excavating had performed the contract. *Id.* Reed Nord was ultimately determined to have no liability to the Shelbys. *Id.* The jury awarded Nord Excavating a portion of the amount requested on the counterclaim. *Id.* The Nords (individually) and Nord Excavating filed a memorandum of attorney fees and costs. *Id.* The district court found that neither the Nords nor Nord Excavating were prevailing parties and denied their request. *Id.* On appeal, the Idaho Supreme Court analyzed the success of each defendant individually, stating:

> In litigation, avoiding liability is as good for a defendant as winning a money judgment is for a plaintiff. . . . [A] verdict in Nord Excavating's favor and a victory on its counterclaim (albeit, a relatively small one), by definition, makes it a prevailing party.
> The individual Nords were also prevailing parties. Darrin left the suit upon a motion for directed verdict. He incurred no liability. For him that was "the most favorable outcome that could possibly be achieved." Also, Reed defended himself through the entire trial and escaped all liability--again, achieving the most favorable outcome that could possibly be achieved. The same must be said for Casey, who was dismissed a few days before trial. Darrin, Reed, and Casey are clearly prevailing parties.

*Id.* at 719-20, 117 P.3d at 133-34 (citation omitted).

5

Similarly, in *Wandering Trails*, the Idaho Supreme Court held that the district court erred when it denied attorney fees and costs to parties who successfully defended the sole claim brought against them. *Wandering Trails*, 156 Idaho at 597, 329 P.3d at 379. In that case, Wandering Trails and Liquid Realty sued Big Bite Excavation, Inc., Piper Ranch, LLC, and Tim and Julie Schelhorn. *Id.* at 589, 329 P.3d at 371. The district court granted summary judgment dismissing the Schelhorns from the action, and the Schelhorns filed a motion for attorney fees and costs. *Id.* at 597, 329 P.3d at 379. The district court held that the Schelhorns could not be considered prevailing parties in the litigation because it was a highly contested case with multiple parties, numerous claims, and numerous defenses, and aside from Big Bite Excavation, no party had prevailed on a multitude of their claims. *Id.* On appeal, the Idaho Supreme Court found that the district court erred when it found the Schelhorns were not prevailing parties because they had prevailed on the only action against them. *Id.* at 598, 329 P.3d at 380.

Here, although the district court recognized that I.R.C.P. 54(d)(1)(B) requires the court to consider the extent to which each of the parties prevailed, the district court aggregated the parties as "Plaintiffs" and "Defendants," rather than considering the success of Todd Tullett, the LLC, and each member of the Pearce family individually. Because the district court aggregated the parties, it did not correctly analyze the overall success or failure of *each* party and, therefore, did not act consistently with the legal standards set forth in Rule 54(d)(1)(B).

By aggregating the parties, the district court was unable to consider the success of each of the Pearces against the LLC. Each member of the Pearce family successfully defended the claims brought against them by the LLC, and the district court appears to have found that none of the Pearces raised a counterclaim against the LLC. Because the district court aggregated Todd Tullett and the LLC together as plaintiffs, we cannot discern if the district court properly accounted for each member of the Pearce family's success against the LLC and, thus, reached its overall conclusion that there were no prevailing parties by an exercise of reason. Therefore, the district court's order denying attorney fees is reversed, in part, to allow the district court to consider the Pearces' success in defending the claims brought against them by the LLC.

Although aggregating the parties amounted to error in the district court's overall determination that there were no prevailing parties, the district court did not err when it concluded that as between the Pearces and Todd Tullett, there were no prevailing parties. Todd Tullett filed three claims against each member of the Pearce family: breach of contract, negligence, and unfair

6

trade practices. Brian and Susan Pearce filed a counterclaim against Todd Tullett for trespass; and Aurora Pearce filed a counterclaim against Todd Tullett for emotional distress. The district court treated Brian, Susan, Porter, and Aurora Pearce as parties to the general tort counterclaim. The district court's order granting summary judgment and dismissing the general tort counterclaim refers to the claim as "Defendants' counterclaim for general tort," and the district court's order denying attorney fees and costs states that "Defendants countersued" Todd Tullett for general tort.

Substantial and competent evidence in the record supports the district court's conclusion finding that each member of the Pearce family was a party to the general tort counterclaim. In their answer to the complaint, the Pearces identified which members of the family were bringing each allegation in the headings for the counterclaims; no such limiting language is included in the general tort claim heading. The factual allegation in the general tort claim read: "Tullett sent a text to Porter and Aurora . . . . The tone and tenor of Mr. Tullet[t]'s text was clearly one of extortion, and was followed up by numerous threatening, baseless and hostile demands over a several month period." The general tort counterclaim refers to "Tullett's threatening conduct and extortive behavior over a several-month period," which references the text and other exchanges Todd Tullett had with Porter and Aurora, as the Pearces did not allege that Todd Tullett exhibited extortive behavior towards Brian or Susan Pearce. Further, the language of the general tort either lists the parties by name (Brian and Susan) or includes them by reference (Porter and Aurora) and the heading did not limit the parties to the claim as other headings did. Thus, the district court's conclusion that each member of the Pearce family was a party to the general tort counterclaim is supported by substantial and competent evidence in the record, and the district court did not err in finding that the Pearces were not the prevailing parties against Todd Tullett. Therefore, we affirm the district court's order denying attorney fees and costs as it relates to the claims between the Pearces and Todd Tullett, but reverse the district court's order denying attorney fees for the claims between the Pearces and the LLC and remand the case for further proceedings.

### B.     Attorney Fees and Costs on Appeal

The Pearces request attorney fees incurred on appeal pursuant to Idaho Code § 12-120(1) and I.C. § 12-120(3). Todd Tullett and the LLC also request attorney fees incurred on appeal pursuant to I.C. § 12-121 and Idaho Appellate Rule 41. Under I.C. § 12-120(1) and I.C. § 12-120(3), this Court shall award reasonable attorney fees to a prevailing party. The LLC is not a prevailing party and therefore, is not entitled to attorney fees. Brian, Susan, Porter, and Aurora

Pearce are prevailing parties on appeal against the LLC and pursuant to I.C. § 12-120(1) and (3), shall be awarded attorney fees on appeal.

Although Todd Tullett is also a prevailing party on appeal, he requested attorney fees pursuant to I.C. § 12-121 and I.A.R. 41. An award of attorney fees may be granted under I.C. § 12-121 and I.A.R. 41 to the prevailing party when the court finds that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation. Because the Pearces prevailed against the LLC, we cannot say this case was pursued frivolously, unreasonably, or without foundation. Therefore, Todd Tullett's request for attorney fees is denied.

## IV.
## CONCLUSION

The district court abused its discretion by failing to considering the extent that the Pearces prevailed against the LLC. Therefore, the district court's order denying attorney fees and costs is affirmed in part and reversed in part, and the case is remanded for further proceedings consistent with this opinion. Attorney fees against the LLC are awarded to the Pearces on appeal.

Judge BRAILSFORD and Justice Pro Tem HORTON CONCUR.