**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES C. HILLIARD,<br><br>       Plaintiff-Appellant,<br><br>  v.<br><br>MURPHY LAND COMPANY, LLC, an<br>Idaho Limited Liability Company,<br><br>       Defendant-Appellee. | No.   22-35129<br>         22-35199<br>         22-35495<br><br>D.C. No. 1:21-cv-00370-BLW<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted February 10, 2023[**]
Portland, Oregon

Before:  MURGUIA, Chief Judge, and FORREST and SUNG, Circuit Judges.

This appeal concerns claim preclusion arising from two contract cases that

Appellant/Cross-Appellee James Hilliard brought against Appellee/Cross-

Appellant Murphy Land Company, LLC.  The district court dismissed the first case

---

     [*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

with prejudice. *See Hilliard v. Murphy Land Co., LLC*, No. 1:18-CV-00232-DCN, 2019 WL 6702410, at *3–8 (D. Idaho Dec. 9, 2019) ("*Hilliard I*"). This appeal arises from the second case, which involves the same parties, contract, and nucleus of facts as the first case. The district court granted Murphy Land's motion to dismiss this second case on res judicata grounds, denied Murphy Land's motion for sanctions, and awarded Murphy Land attorneys' fees. Hilliard appeals the dismissal, and the award of attorneys' fees. Murphy Land cross-appeals the denial of sanctions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In December 2010, Hilliard and Murphy Land entered into a Real Estate Option to Purchase Agreement whereby Hilliard had six years to exercise the Option to purchase the property. The Option expired before the parties came to an agreement, and Murphy Land subsequently sold the property to another buyer. In the first case, Hilliard sought, as relevant here, declarations that he "ha[d] properly exercised the Option" and "that the purchase price of the property . . . is $13,680,000." The district court concluded that Hilliard's claims for declaratory judgment were moot because Murphy Land had already sold the property to someone else, and Hilliard was not seeking specific performance or breach of contract damages. *See Hilliard I*, 2019 WL 6702410, at *3–5. Although Hilliard never "formally requested leave to amend his Complaint" to add non-moot claims, the district court "preemptively denied" Hilliard leave to do so because of his lack

2

of diligence and dismissed the case with prejudice. *Id*. at *6–7. Hilliard appealed, and we affirmed. *See Hilliard v. Murphy Land Co., LLC*, 835 F. App'x 292 (9th Cir. 2021) ("*Hilliard II*").

In September 2021, Hilliard filed this second case, alleging that Murphy Land breached the Option. This time, Hilliard seeks "[d]amages for breach of the Option . . . in excess of $15,000,000." Murphy Land moved to dismiss on the grounds of res judicata, which the district court granted.

1. We review de novo dismissals based on res judicata. *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005). "Claim preclusion, often referred to as res judicata, bars any subsequent suit on claims that were raised *or could have been raised* in a prior action. Claim preclusion 'applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties.'" *Cell Therapeutics, Inc. v. Lash Grp., Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2009), *as amended on denial of reh'g and reh'g en banc* (Jan. 6, 2010) (emphasis added) (quoting *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002)). Hilliard disputes only the second element: whether *Hilliard I* resulted in a final judgment on the merits.

In this second case, Hilliard brings the breach of contract damages claim that he could have raised in his first case but did not. *See Hilliard I*, 2019 WL 6702410, at *6–7. Even though the district court dismissed the first case with

3

prejudice, *see Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005) ("Final judgment on the merits is synonymous with dismissal with prejudice.") (cleaned up), Hilliard argues that *Hilliard I* was not a final judgment on the merits because dismissal for mootness is not an adjudication on the merits, *see* Fed. R. Civ. P. 41(b); *Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1155 (9th Cir. 2017) ("A federal court lacks jurisdiction to hear a case that is moot."). Hilliard, however, misconstrues *Hilliard I*, because the district court did not dismiss that *entire* case as moot: rather, it dismissed Hilliard's *declaratory claims* as moot. 2019 WL 6702410, at *5 ("[T]he Court dismisses his . . . requests for judicial declarations . . . as moot.").

For claim preclusion purposes, although Hilliard never "formally requested leave to amend," the district court adjudicated the merits of Hilliard's breach of contract damages claim in the first case when it "preemptively denied [Hilliard] leave to amend his Complaint" to add non-moot claims. *Id.* at *6–7 (explaining that Hilliard "was not diligent in asserting [such] claims" despite being on notice that his requested relief was moot). Although denial of leave to amend is *generally* not a final adjudication on the merits, it is where, as here, "the denial [of leave to amend] and the dismissal [of the suit coincided], where both were with prejudice, and where amendment, if allowed, would have reinstated the alleged cause of action." *Marin v. HEW, Health Care Fin. Agency*, 769 F.2d 590, 593 (9th Cir.

4

1985) (cleaned up).[1]  *Marin* recognized that "[e]ven without a determination which is literally on the merits, a denial with prejudice may be a final judgment with a res judicata effect as long as the result is not unfair."  *Id.*  Here, the result is fair because Hilliard knew his original claims for declaratory relief were moot and had ample opportunity to seek to amend his complaint but failed to do so.  *See Hilliard II*, 835 F. App'x at 294 (affirming because the "district court did not abuse its discretion in finding that Hilliard was not diligent"); *see also Mpoyo*, 430 F.3d at 989 ("Denial of leave to amend in a prior action based on dilatoriness does not prevent application of res judicata in a subsequent action.").

Furthermore, Hilliard was required to bring his breach of contract claim in his first lawsuit.  *See Mpoyo*, 430 F.3d at 988 ("Different theories supporting the same claim for relief must be brought in the initial action." (quoting *W. Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992)).  On appeal, Hilliard does not dispute that he could have brought this claim in his earlier lawsuit; he only contends that failing to bring all his claims at once "does not, on its own, ensure that res judicata applies."  However, Hilliard's failure to bring all his claims at once, *coupled with*

---

[1] Hilliard acknowledges that under *Marin* his second lawsuit is precluded, and he therefore "requests that this Court hold . . . that *Marin* is wrong . . . .'"  This court cannot overrule *Marin* without sitting en banc or concluding that there are Supreme Court cases that are "clearly irreconcilable" with *Marin*.  *Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).  Hilliard does not cite any Supreme Court cases implicating *Marin*.

the dismissal without leave to amend for lack of diligence, means that res judicata applies.[2] *See Mpoyo*, 430 F.3d at 989; *cf. Marin*, 769 F.2d at 593 ("The point of the trial court's decision to deny with prejudice leave to file a late amendment was that when [the plaintiff] failed to amend his complaint on time, . . . he lost his right to proceed."). Accordingly, the district court properly dismissed Hilliard's second case as an attempt to escape the preclusive effects of *Hilliard I*.

2.      Murphy Land cross-appeals the district court's denial of its motion for sanctions, arguing that Hilliard was frivolous in "just ignor[ing] the litany of federal cases" and accusing Hilliard of bad faith and harassment. "Frivolous" filings are those that are "both baseless and made without a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc). "[S]uccessive complaints based upon propositions of law previously rejected may constitute harassment under Rule 11." *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997), *as amended on denial of reh'g* (Mar. 26, 1997) (cleaned up). "Familiar with the issues and litigants, the district court is better situated than the court of appeals to marshal the pertinent facts and apply the

---

[2] To the extent that Hilliard now argues that district court's dismissal with prejudice in *Hilliard I* was in error, Hilliard should have raised that issue on appeal in *Hilliard II*, and he cannot relitigate that issue here. Regardless, dismissal with prejudice was proper considering his lack of diligence. *See Mpoyo*, 430 F.3d at 988.

fact-dependent legal standard mandated by Rule 11." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 402 (1990).

The district court did not abuse its discretion when it denied the motion for sanctions because Hilliard's lawsuit is not frivolous as it is grounded in well-settled law that moot cases are generally not claim precluded. Furthermore, Murphy Land cites no evidence of bad faith other than that Hilliard filed a second federal action. Hilliard did not base his second action on any proposition that *Hilliard I* or *Hilliard II* rejected. This is the first time that Hilliard has litigated res judicata, and although Hilliard has lost, his arguments are not specious. *See Buster*, 104 F.3d at 1190.

3. Hilliard appeals the district court's order awarding Murphy Land attorneys' fees. Because Hilliard's action is one based on diversity of citizenship, Idaho law governs this issue. *See Interform Co. v. Mitchell*, 575 F.2d 1270, 1280 (9th Cir. 1978). Idaho law provides that the prevailing party in a breach of contract dispute "shall be allowed" an award of reasonable attorney fees. Idaho Code § 12–120(3). "In determining which party prevailed in an action where there are claims and counterclaims between opposing parties, the court determines who prevailed 'in the action.' That is, the prevailing party question is examined and determined from an overall view, not a claim-by-claim analysis." *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 117 P.3d 130, 133 (Idaho 2005). Taking an

7

"overall view," and not looking at the action claim by claim, the motion to dismiss determines the prevailing party in this case. Therefore, Murphy Land is the prevailing party.[3]

***

**AFFIRMED.**

---

[3] The motions to take judicial notice in Case No. 22-35129 (Docket Entry Nos. 16, 27, 35) are granted.